UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARTIS ENGLAND,

        Movant,

                                                                     Case No. 1:16-cv-410

v.

                                                                     HON. PAUL L. MALONEY

UNITED STATES OF AMERICA,

        Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

Movant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 1), arguing that the Comprehensive Crime Control Act of 1984 ("the Act") was unconstitutionally enacted and that, as a result, his conviction and custody are illegal. Movant filed a memorandum in support of his motion to vacate, set aside, or correct sentence (ECF No. 6), as well as several supplements (ECF Nos. 8, 9, 16). The Government has filed a response in opposition (ECF No. 17), and Movant has filed a reply (ECF No. 21). For the reasons that follow, Movant's § 2255 motion is denied.

**I.**

On July 23, 2009, the Court sentenced Movant to 36 months in custody and 5 years of supervised release for possession of images of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). (*United States v. England*, No. 1:08-cr-215 (W.D. Mich.), J., ECF No. 57.) On May 2, 2013, the Court revoked Movant's supervised released and imposed a 46-month term of supervised release. (*Id.* at J. for Revocation, ECF No. 80.)

On June 4, 2014, United States Probation Officer Smith visited Movant's residence and found

violations of the conditions of supervised release. In response, Officer Smith filed a supervised release violation petition, alleging that Movant possessed child pornography, circumvented the probation officer's efforts to conduct a plain-view search of his home, accessed a computer, and lied to his probation officer about not accessing a computer. (*Id.* at Supervised Release Violation Pet., ECF No. 84.) On May 19, 2015, the Court found Movant guilty of those violations. The probation officer prepared an updated presentence report, and a psychological evaluation was conducted. During the sentencing hearing, Movant's daughter-in-law testified that she saw that Movant had a computer. On June 23, 2015, the Court sentenced Movant to the statutorily-mandated-minimum term of 5 years in custody. (*Id.* at J. for Revocation, ECF No. 98.) Movant did not file a direct appeal. Rather, he filed this § 2255 motion to vacate, set aside, or correct sentence.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete

miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### III.

**A. Comprehensive Crime Control Act**

In his original petition, Movant argues that the Act was unconstitutionally enacted; therefore, his conviction and custody are illegal. Movant did not raise this issue on direct appeal nor has he shown cause and prejudice or actual innocence to excuse his procedural default. Thus, he is barred from raising this claim.[1]

---

[1] The Eighth Circuit has rejected this challenge on its merits. *See United States v. Powell*, 761 F.2d 1227, 1235 (8th Cir. 1985) (en banc) ("A joint resolution, once signed by the President, is every bit as much of a law as a bill similarly signed."). Further, in his reply, Movant concedes that this argument is without merit. (ECF No. 21, PageID.118.)

**B. Ineffective Assistance of Counsel**

In his memorandum in support of his § 2255 motion, Movant adds additional claims of ineffective assistance of counsel and judicial misconduct. Once again, Movant does not offer any reasons to show cause and prejudice or actual innocence as to the new judicial misconduct claim, so that claim is procedurally defaulted. In the several supplements filed, Movant also raises claims of *Miranda* violations and illegally-seized materials, both of which are also procedurally defaulted.[2] In addition, Movant concedes that there was no *Miranda* violation. Thus, the remaining claims are for ineffective assistance of counsel.

To succeed on an ineffective assistance of counsel claim, Movant must establish that (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.* Movant bears the burden of proof for each prong, and the Court may dismiss a claim of ineffective assistance of counsel if he fails to carry his burden of proof on either one. *Id.* at 687, 697. When evaluating the *Strickland* prongs, the Court must afford "tremendous deference to trial counsel's decisions." *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, the purpose of which is "to protect lawyers from having strategic decisions judged with 'the distorting effect of hindsight.'" *Boria v. Keane*, 99 F.3d 492, 498 (6th Cir. 1996) (quoting

---

[2] Movant has waived his right to challenge his supervised-release revocation by not bringing a direct appeal therefrom, and by failing to show adequate cause and prejudice, or actual innocence, to excuse his failure to do so. *See White v. United States*, 986 F.2d 1423 (6th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)).

*Strickland*, 466 U.S. at 689).

Movant raises the following claims for ineffective assistance of counsel: (1) counsel failed to object to the illegal confiscation of the DVDs from Movant's house; (2) counsel failed to move to dismiss or cross-examine the Government's witnesses; (3) counsel did not present Movant and his wife as defense witnesses to show that the DVDs were not linked to Movant; (4) counsel did not raise a conflict of interest between himself and one of the Government's witnesses; (5) counsel did not object to judicial misconduct; (6) counsel failed to address the FBI's mistreatment of Movant; and (7) counsel failed to cross-examine Officer Smith on the alleged illegal confiscations.

Under *Strickland*, counsel is presumed to be competent; thus, the burden rests on Movant to show a constitutional violation. *See United States v. Cronic*, 466 U.S. 648, 658 (1984). Movant has not satisfied this burden. First, the DVDs were found by Officer Smith in plain view in Movant's bedroom. One of the conditions of Movant's supervised release was that "[t]he defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer." (*United States v. England*, No. 1:08-cr-215, J. ¶ 12, ECF No. 57, PageID.180.) Counsel did not provide deficient performance for failing to raise a frivolous objection. *See Lockhart v. Fretwell*, 506 U.S. 364, 382 (1993) ("[I]neffective-assistance claims predicated on failure to make wholly frivolous or unethical arguments will generally be dispensed with under *Strickland*'s first prong[.]").

Likewise, Movant's other claims for ineffective assistance of counsel also fail to demonstrate a constitutional violation. Attorneys have a duty of loyalty to clients and a duty to avoid conflicts of interest. *Strickland*, 466 U.S. at 688. As such, *Strickland*'s prejudice prong is presumed "if the defendant

demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)). Movant has failed to make this showing. Although counsel knew one of the government's witnesses, his actions during the revocation hearing do not suggest an improper conflict of interest.

Further, Movant cannot show prejudice for any of these claims. The evidence presented at the revocation hearing demonstrated Movant's computer use and possession of child pornography, in violation of the supervised release conditions. In addition, the updated presentence investigation report detailed these violations, which included possession of DVDs containing hundreds of pornographic images, including images of child pornography; circumventing the probation officer's ability to walk through his home and confiscate any potential plain-view contraband; access to and possession of a computer or internet-capable device; and denying having accessed or possessed a computer or internet-capable device. (*United States v. England*, No. 1:08-cr-215 (W.D. Mich.), ECF No. 96, PageID.293.) Movant also instructed his wife to dispose of a laptop computer and denied any responsibility for the violations. (*Id.* at PageID.296-97.) Despite all of this, counsel secured the statutory-minimum sentence for a supervised release violation. Thus, Movant cannot show prejudice; and his § 2255 motion to vacate, set aside or correct judgment (ECF No. 1) is **DENIED**.

Under 28 U.S.C. § 2253(c), the Court must assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find the Court's assessment

of Movant's claims debatable or wrong, a certificate of appealability is **DENIED**.

A judgment will enter in accordance with this memorandum opinion and order.


Dated:  March 17, 2017                             /s/ Paul L. Maloney
                                                              PAUL L. MALONEY
                                                              UNITED STATES DISTRICT JUDGE